**WELCH, Almon E.**

v.

**HECKLER, Margaret, Secretary of Health and Human Services.**

**Appeal of SECRETARY OF HEALTH & HUMAN SERVICES.**

No. 86–5409.

United States Court of Appeals, Third Circuit.

Argued Dec. 4, 1986.

Decided Dec. 30, 1986.

Mack A. Player (argued), Timothy B. Haney, Asst. U.S. Attys., Harrisburg, Pa., Richard K. Willard, Asst. Atty. Gen., Edward S.G. Dennis, Jr., U.S. Atty., William Kanter, Howard S. Scher, Attys., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for appellant.

Susan E. Hartley (argued), Paul G. Riffle, Riffle and Foster, Athens, Pa., for appellee.

Before WEIS, MANSMANN and HUNTER, Circuit Judges.

### OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Appellee Almon E. Welch applied for disability benefits on June 25, 1982. The Secretary denied these benefits to Welch both initially and on reconsideration. Welch requested and was granted a hearing before an Administrative Law Judge ("ALJ"). After a *de novo* consideration of the case, the ALJ ruled on June 14, 1984 that Welch was disabled within the meaning of the Act. On August 11, 1983, the Appeals Council notified Welch that, pursuant to 20 C.F.R. §§ 404.969 and 404.970 (1986), it had decided on its own motion to review the ALJ's decision. After a *de novo* review of the record (including additional evidence submitted by Welch), the Appeals Council ruled on August 29, 1984 that Welch was

not disabled within the meaning of the Act, thereby reversing the ALJ. The decision of the Appeals Council became the final decision of the Secretary. Welch then brought this action in United States District Court for the Middle District of Pennsylvania under 42 U.S.C. § 1383(c)(3) (1983), incorporating by reference 42 U.S.C. § 405(g) (1983), to review the final determination by the Secretary. The case was submitted on cross motions for summary judgment. On March 18, 1986, the Magistrate issued a report recommending that the Secretary's motion for summary judgment be denied and that Welch's motion be granted. The district court adopted the Magistrate's report, and on April 16, 1986, granted Welch's motion for summary judgment, thereby affirming the ALJ and reversing the Appeals Council. This appeal followed.

We are called upon in this case to determine whether "[t]he findings of the Secretary [are] ... supported by substantial evidence." 42 U.S.C. § 405(g). Before examining the administrative record to determine whether the Secretary's decision is supported by substantial evidence, we must resolve two threshold questions. First, we must determine whether the Secretary is barred from seeking appellate review due to his failure to raise objections to the magistrate's report within the prescribed time period. Second, we must determine whether, when the ALJ and Appeals Council are in conflict, 42 U.S.C. § 405(g) directs us to review the ALJ's decision or the Appeals Council's decision for substantial evidence.

■ The following "Notice" was attached to the magistrate's report:

Any party may object to the report and recommendation within fifteen (15) days from the date of this notice by filing with the Clerk written exceptions setting forth in full the basis of the exceptions.

The exceptions may be accompanied by a memorandum or brief in support thereof. The filing of exceptions is not required and, if exceptions are not filed, it will be considered that the party or parties intend to rely on the arguments made in the briefs previously filed.

Appellee Welch argues that, by the terms of this notice, the Secretary waived his right to object to the magistrate's findings by not filing exceptions with the magistrate in the first instance. We will not hold that the Secretary has waived his right to object to the magistrate's findings because, under the plain language of the magistrate's notice, the filing of exceptions was permissive, not mandatory. While it is within the power of this appellate court to condition the taking of an appeal in these circumstances upon a timely filing of objections, *see Thomas v. Arn*, — U.S. —, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985), we find that it would be inappropriate to do so in this case, where the language of the magistrate's report did not put the Secretary on notice that he would be waiving his appellate rights by not filing objections below. *Cf. Thomas v. Arn*, 106 S.Ct. at 469 (magistrate's report stated that "ANY OBJECTIONS ... must be filed ... within ten (10) days.... Failure to file objections within the specified time waives the right to appeal the District Court's order.").[1]

■ The second threshold question we must resolve involves the scope of our review of disability claims under the Social Security Act. Under 42 U.S.C. § 405(g), the federal courts are empowered to review "any final decision of the Secretary," to determine whether the Secretary's factual findings are supported by "substantial evidence." In most disability cases, we review the decision of the ALJ, as approved by the Appeals Council, to determine whether it is supported by substantial evidence. In the present case, the Appeals Council, on its own motion, undertook a *de*

---

1. We recognize that we could adopt appellee's position without harming the appellant by adopting the waiver rule prospectively. *See Thomas v. Arn*, 106 S.Ct. at 470. However, we conclude that, both because of the permissive language of this particular magistrate's notice, and because neither party in this case has thoroughly briefed the issue, our adoption or rejection of a prospective waiver rule is better left for another day.

*novo* review of appellee's case and reversed the ALJ. Thus, we must determine whether, when the ALJ and Appeals Council disagree, it is the decision of the ALJ or the decision of the Appeals Council that must be evaluated under the "substantial evidence" standard. We conclude that, because the regulations clearly designate the Appeals Council as the final administrative arbiter of all disability claims, *see* 20 C.F.R. § 404.981 (1986), it is the Council's decision that is the "final decision" of the Secretary, and is thus the decision that must be reviewed by us under the substantial evidence standard. Under the regulations, the Secretary has delegated his authority to make "final decisions" to the Appeals Council. Thus, the ALJ's decision does not become "final" and eligible for judicial review until the Appeals Council has in some way approved that decision. Clearly then, a decision that is expressly disapproved by the Appeals Council cannot be deemed a "final decision" by the Secretary.

■ Appellee Welch argues that, in his case, the Appeals Council's decision is not entitled to deferential judicial review as a "final decision," because the Council's *de novo* review of his application for disability benefits was not authorized by the applicable regulations. Pursuant to 20 C.F.R. § 404.969, "[a]nytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken." Welch argues that § 404.969 is modified by 20 C.F.R. § 404.970(a), which provides that

The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

According to Welch, the Appeals Council is only permitted to initiate review of ALJ decisions that fall into one of the four categories listed in § 404.970(a), none of which are applicable to his case.[2] We reject Welch's reading of the regulation and join the nine circuits that have considered this issue[3] in holding that § 404.969 provides the Appeals Council with the authority to review any ALJ decision for any reason, while § 404.970(a) merely notifies claimants of the kinds of cases that the Appeals Council "will" review. *See Bauzo v. Bowen,* 803 F.2d 917 (7th Cir.1986); *Mullen v. Bowen,* 800 F.2d 535 (6th Cir.1986) (en banc); *Fierro v. Bowen,* 798 F.2d 1351 (10th Cir.1986); *Deters v. Secretary of Health, Education and Welfare,* 789 F.2d 1181 (5th Cir.1986); *Parker v. Bowen,* 788 F.2d 1512 (11th Cir.1986) (en banc); *Kellough v. Heckler,* 785 F.2d 1147 (4th Cir. 1986); *Taylor v. Heckler,* 765 F.2d 872 (9th Cir.1985); *Lopez-Cardona v. Secretary of Health and Human Services,* 747 F.2d 1081 (1st Cir.1984) (per curiam); *Baker v. Heckler,* 730 F.2d 1147 (8th Cir.1984).

We adhere to the majority view on this issue for a number of reasons. We believe that the position taken by the Secretary is not only consistent with the wording of the regulations, but is a far more reasonable

---

**2.** Welch argues that the Appeals Council invoked § 404.970(a)(3) in its notification to him that it was initiating own-motion review of his case. Thus, he maintains, we must review the ALJ's decision for substantial evidence in order to determine whether the Appeals Council acted within its authority in reversing the ALJ's decision for lack of substantial evidence. Welch is incorrect for two reasons. First, the letter to Welch from the Appeals Council broadly invoked both § 404.969 and § 404.970 in initiating own-motion review of his case. Second,

even if the Council had relied on this particular provision in initiating review, it would not be prevented from voiding the ALJ's decision on other grounds upon completion of review. *See Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir. 1984).

**3.** The United States Courts of Appeal for the Second Circuit and the District of Columbia are the only circuits that have not yet considered the question now before us.

interpretation of those regulations than appellee's. Section 404.969 states that within sixty days of a hearing decision or dismissal, "the Appeals Council itself may decide to review the action that was taken." No reference in this section is made to the four categories listed in § 404.970. Instead, a broad mandate for review is provided to the Council. If we were to adopt appellee Welch's view, we would be doing more than narrowing the scope of § 404.969—we would be reading the section out of existence. If the Appeals Council is only entitled to initiate review under the circumstances listed in § 404.970(a), there is no need for § 404.969 and the section is therefore a nullity. Finally, we are convinced by the Sixth Circuit's exegesis of the history of §§ 404.969 and 404.970, which reveals that Congress clearly intended that these two provisions should operate independently. *See Mullen,* 800 F.2d at 543–45.

■ We must now determine whether or not the decision of the Appeals Council is supported by substantial evidence. Almon E. Welch was born on January 5, 1937. He has an eleventh grade education, and was employed as a linotype operator, or printer, for nearly 27 years. Welch has had no occupational experience or vocational training outside of the printing field. He has a history of back pain. In addition to his back problems, Welch suffers from bilateral deafness. It is not clear from the record whether his hearing loss is total, but it does seem to be severe.

On November 25, 1981, Welch underwent a lumbar laminectomy and disc excision at L–4 and L–5, left, to alleviate his back pain. Between February and May 1982, Welch returned to work part-time. No special concessions were made by Welch's employer to accommodate Welch's recent surgery. In May 1982, Welch had surgery for a second time, this time undergoing a bilateral extensive decompressive laminectomy of L–5 and S–1 with decompressive foramenotomies of the S–1 roots and L–5 roots on the right. In January 1983, Welch returned to work part-time, at the suggestion of his doctor. Welch's employer accommo-

dated Welch's disabilities during this period, by assuring that the bending and lifting aspects of the job were done by someone else. Welch was absent for most of February, due to pneumonia, but was back at work again in March. Welch was engaged in this part-time employment at the time of his hearing before the ALJ.

The Appeals Council evaluated Welch's claim for disability using the five-step process set out in the regulations promulgated by the Secretary to implement the Social Security Act. *See* 20 C.F.R. § 404.1520 (1986). The pertinent regulations provide as follows:

### EVALUATION OF DISABILITY

§ 404.1520 Evaluation of Disability in general.

(a) *Steps in evaluating disability.* We consider all material facts to determine whether you are disabled. If you are doing substantial gainful activity, we will determine that you are not disabled. If you are not doing substantial gainful activity, we will first consider your physical or mental impairment(s). Your impairment(s) must be severe and meet the duration requirement before we can find you to be disabled. We follow a set order to determine whether you are disabled. We review any current work activity, the severity of your impairment(s), your residual functional capacity and your age, education, and work experience. If we can find that you are disabled or not disabled at any point in the review, we do not review further.

(b) *If you are working.* If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

(c) *You must have a severe impairment.* If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore,

not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.[4]

(d) *When your impairment(s) meets or equals a listed impairment in Appendix 1.* If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.

(e) *Your impairment(s) must prevent you from doing past relevant work.* If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

(f) *Your impairment(s) must prevent you from doing any other work.* (1) If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled.

The Appeals Council determined that Welch's part-time employment in 1982 "represented an unsuccessful work attempt that did not demonstrate substantial gainful activity," and assumed without deciding that Welch's part-time employment in 1983 did not constitute substantial gainful activity. The Appeals Council found that Welch's exertional impairment was severe, but that it did not meet one of the impairments listed in Appendix 1. The Council found that Welch could not return to his past relevant work but that, according to the grids, he could engage in semi-skilled, sedentary work that existed in the national economy.

The Appeals Council based its determination on Welch's testimony (and that of his wife) before the ALJ, and the opinions of R.A. Moody, M.D. (Welch's surgeon and treating physician); Joseph Cama, M.D. (a consultative physician, who did a complete physical examination of Welch): Alfred F. D'Anca (an orthopedic surgeon who acted as medical advisor at the ALJ hearing, but did not examine Welch); M. Louis Offen, M.D. (a non-examining neurologist); Milton H. Kadis, M.D. (a non-examining physician) and Oliver T. Finch, M.D. (a non-examining physician).

Dr. Moody was the physician who performed both back operations on Welch, and had the most contact with him. Through a series of post-operative visits, Moody reported slow but steady improvement in Welch's condition, and an increasing activity level. It was on Dr. Moody's recommendation that Welch returned to work in January 1983. Dr. Cama, the only other examining physician, concluded that Welch had a "moderate to severe disability," with a "great deal of limitation in motion, especially in the lumbar region." Cama suggested that Welch's pain might be responsive to arthritic medication, and noted an absence of "radicular syndromes or neurological deficits ... [or] muscle wasting."

At the hearing before the ALJ, Dr. D'Anca testified that he thought that Welch's impairment equaled impairment 1.05(C), listed in Appendix 1:

C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

---

**4.** In *Baeder v. Heckler,* 768 F.2d 547 (3d Cir. 1985), we held this prong of the regulation invalid because it does not consider vocational factors in the analysis of whether a complainant's impairment is severe.

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. Dr. Offen, whose aid was enlisted by the Appeals Council, disputed Dr. D'Anca's conclusion that Welch's impairment met or equaled 1.05(C). Specifically, Offen noted that there was no evidence of "appropriate radicular distribution of significant motor loss," and that there were no other equivalent medical findings. The equivalent medical findings found pertinent by D'Anca were post-operative scar tissue and nerve root compression. Notwithstanding his conclusion that Welch suffered from a listed impairment (which should trigger a finding of disability per se), D'Anca testified that he thought Welch had a capacity for sedentary work, and that Welch's return to work in January 1983—as long as there was no bending or lifting—was appropriate.

Drs. Kadish and Finch simply submitted to the Council their opinions that Welch had the residual functional capacity to perform light work activity.

The Appeals Council concluded that Welch did not suffer a listed impairment under Appendix 1, and that, under the medical-vocational guidelines, he had the residual functional capacity necessary to engage in light sedentary work. The doctors' reports discussed above, considered as a whole, provide substantial evidence for these conclusions. The Appeals Council also recognized that Welch suffered from nonexertional impairments, i.e., bilateral deafness and back pain. According to the regulations, the medical-vocational guidelines are not to be mechanically applied where the claimant suffers from such nonexertional impairments. Where a nonexertional impairment is at issue, "full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations." 20 C.F.R. Subpart P, Appendix 2 (1986).

Welch testified that he suffered from disabling pain. Under the law of this circuit, the Secretary must give serious consideration to a claimant's subjective assertions of pain, even where those assertions are not fully confirmed by objective medical evidence. *See, e.g., Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985); *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir.1981). The Appeals Council found that Welch's

testimony regarding pain and symptomatic limitations is consistent with the objective evidence to the extent that frequent lifting or carrying of more than 10 pounds, and prolonged sitting, standing or walking without positional change is beyond his residual functional capacity.

The Appeals Council concluded that Welch's pain did not, however, prevent him from engaging in light, sedentary work. This conclusion is supported by substantial evidence. Welch worked for two months without taking any pain medication. By his own admission, Welch did not take the painkillers prescribed to him by his doctor because they made him feel tired and depressed. These facts support the conclusion that, while Welch's pain may be constant and uncomfortable, it is not disabling or severe. Furthermore, Welch's testimony that he cannot sit for more than one and one-half hours without getting up and walking around does not indicate disabling pain. Instead, it indicates moderate pain or discomfort, which the Appeals Council took into account in finding that Welch could not engage in work that required "prolonged sitting ... without positional change."

Welch also suffers from bilateral hearing loss and a related speech impairment. At the hearing before the ALJ, a vocational expert, James Chickson, testified that, although Welch had skills transferrable to other keyboard machine operations in the light and sedentary category, most would be clerical, and would require a degree of communicative skill not possessed by Welch because of his deafness. Chickson concluded, therefore, that Welch's deafness combined with his back pain and exertional limitations rendered him totally disabled.

The Appeals Council rejected Chickson's conclusion because it "was predicated upon hypothetical questions unsubstantiated by the objective evidence." Without determining whether or not the Appeals Council's rejection of the vocational expert's opinion was proper, we find that the Appeals Council erred in failing to assess the impact Welch's deafness might have on his ability to engage in light, sedentary work. Therefore, we will remand this case so that the Appeals Council can consider the effect Welch's deafness has on his ability to engage in light, sedentary work. If the Appeals Council is unable to resolve this question on the evidence before it, it should enlist the aid of a vocational expert to determine the existence of jobs in the national economy for which Welch is vocationally qualified.

The order of the district court will be reversed, and the case will be remanded to the Appeals Council for further proceedings in accordance with this opinion.