**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2260
_____

PERRY GADDIS,

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(C.A. No. 2:09-cv-1222)
District Judge:  Honorable Alan N. Bloch
_____

Submitted pursuant to Third Circuit LAR 34.1(a)
Friday, February 18, 2011

Before:  SLOVITER and HARDIMAN, *Circuit Judges*,
and JONES, II,[*] *District Judge*.

(Opinion Filed: March 10, 2011)

_____

OPINION OF THE COURT
_____

JONES, II, *District Judge*.

_____

[*] The Honorable C. Darnell Jones, II, District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

Appellant Perry Gaddis ("Gaddis") appeals the denial of his claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. We will affirm.

## I.

Because we write primarily for the parties, we need not repeat the essentially undisputed facts and procedural history of this matter. Moreover, U.S. Magistrate Judge Robert Mitchell aptly summarized much of that background in his March 3, 2010, Report and Recommendation ("Report"). *See Gaddis v. Astrue*, *Comm'r of Soc. Sec.*, C.A. No. 2:09-cv-1222 (W.D. Pa. March 3, 2010) (Docket No. 14). The Report recommended that the Social Security Commissioner's ("Commissioner") final decision regarding denial of Gaddis's claim be affirmed because it was supported by substantial evidence. *Id.* On March 24, 2010, the District Court issued Orders that adopted the Report, granted the Commissioner's Motion for Summary Judgment, denied Gaddis's Motion for Summary Judgment, and entered final judgment in the Commissioner's favor. *See id.* at Docket Nos. 15; 16. This appeal timely followed.[1]

## II.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. §405(g). Gaddis did not object to the Report and Recommendation at the District Court level, however appellate review is not conditioned on the existence *vel non* of objections to a Magistrate Judge's report. *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987) (citing *Welch v. Heckler*, 808 F.2d 264, 266 (3d Cir. 1986)).

On appeal, Gaddis argues that there is no basis in the record for the Administrative Law Judge's ("ALJ") finding, which is required when the claimant is fifty-five years old or older, that Gaddis's job-related skills were readily transferable to jobs involving the same industry, work processes, or tools.[2] Gaddis contends that, because the result of that job skills inquiry is outcome-determinative, remand is the only appropriate disposition of this case.[3]

The Commissioner's Medical-Vocational Rules ("MVR") direct findings of "disabled" or "not disabled" based on a combination of factors such as age, education, skilled or semi-skilled prior work experience, and residual functional capacity. By application of these factors, Gaddis would have been found "disabled" if he had no transferable work skills, but "not disabled" if he had transferable work skills. *See* MVR 201.06; 201.07. Gaddis's skills would most likely transfer to, *inter alia*, jobs requiring a

---

[2] Gaddis does not dispute the ALJ's findings that: (1) Gaddis's past work as a teacher was skilled, (2) Gaddis's job provided him with potentially transferable skills, and (3) Gaddis is presently capable of performing "sedentary work," as defined at 20 C.F.R. 404.1567(a).

[3] Upon appellate review, if the Commissioner's decision is supported by substantial evidence, it must be upheld. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). We have referred to it as "less than a preponderance of the evidence but more than a mere scintilla." *Burns*, 312 F.3d at 118 (citing *Jesurum v. Sec'y of Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995)). Where the Commissioner's findings of fact are supported by substantial evidence, courts are bound by those findings even if they would have decided the factual inquiry differently – *i.e.*, we are not permitted to weigh the evidence or substitute our own conclusions for those of the fact-finder. *Burns*, 312 F.3d at 118 (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

lesser degree of skills. 20 C.F.R. § 404.1568(d)(2) (2008). However, due to Gaddis's age and residual functional capacity, a finding of transferable skills could only be made if Gaddis would need to make few, if any, vocational adjustments in terms of processes, settings or industries. 20 C.F.R. § 404.1568(d)(4) (citing 20 C.F.R. 404.1567(a) (2008)); Social Security Ruling 82-41, 1975-1982 Soc. Sec. Rep. Serv. 847, 1982 WL 31389 (S.S.A.) (hereinafter "SSR 82-41").

"[W]here job skills have universal applicability across industry lines, *e.g.*, clerical, professional, administrative, or managerial types of jobs, transferability of skills to industries differing from past work experience can usually be accomplished with little, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's [residual functional capacity]." SSR 82-41 § 4(c). When a finding is made that a claimant has transferable skills: (1) the acquired work skills must be identified, (2) the specific occupations to which the acquired work skills are transferable must be cited, and (3) evidence that these specific skilled or semi-skilled jobs exist in significant numbers in the national economy should be included. *See* SSR 82-41 § 6.

While he did not author a particularly lengthy opinion, we are satisfied that the Administrative Law Judge ("ALJ") fulfilled the obligations imposed by SSR 82-41 in a manner supported by substantial evidence. First, the ALJ identified transferable skills from Gaddis's past work as a teacher, including working with data, compiling, recording,

and preparing test results and grades. *See* ALJ Tr. 20-21. Next, the ALJ determined that the skills Gaddis had gained from being a teacher were at a higher level than those required for other sedentary, semi-skilled occupations, including the occupations of examination clerk and clerical sorter, and were thus transferable to those occupations with little, if any, vocational adjustment. *Id.* Because these occupations involved skills closely related to his prior employment skills, Gaddis "could be expected to perform these other identified jobs at high degrees of proficiency with a minimal amount of job orientation." SSR 82-41 § 4(c). Finally, the ALJ established that the identified lesser-skilled jobs Gaddis could obtain existed in significant numbers in the regional and national economies.[4] ALJ Tr. at 20; 242. This is sufficient.[5]

Contrary to Gaddis's arguments, current regulations do not require the ALJ to find Gaddis had "highly transferable" skills. 20 C.F.R. § 404.1568(d)(4); SSR 82-41, *passim*. Rather, it was satisfactory for the ALJ to establish that Gaddis had identifiable, transferable skills that could be utilized for sedentary office jobs in a controlled climate,

---

[4] Specifically, the ALJ found that these occupations represented thousands of jobs in the Pittsburgh Metropolitan Statistical Area and tens of thousands of jobs in the national economy. *See* ALJ Tr. at 20-21; 242.

[5] Gaddis's argument concerning the degree to which the ALJ discussed the specific skills utilized in the lesser-skilled potential jobs of data examination clerk and clerical sorter, as identified by the Vocational Expert, is unpersuasive. The ALJ's questioning of the Vocational Expert represents an understanding that those positions would require "no additional skills" other than those Gaddis already possessed as a result of his prior work experience. While perhaps not especially artful, we do not find the ALJ's phrasing to be unacceptably "odd," as asserted by Gaddis.

5

as discussed by the Vocational Expert. ALJ Tr. at 243. In addition, we find it is not of outcome-determinative consequence that the ALJ did not specifically cite SSR 82-41. The specific use of the phrase "SSR 82-41" is not of cardinal significance – indeed, making it so here would unnecessarily elevate form over substance. What is important is whether the ALJ engaged in the necessary analysis and issued a decision based on substantial evidence. Here, we conclude from the record that the ALJ followed the letter and the spirit of SSR 82-41 and relevant regulations, the ALJ sufficiently explained his reasoning, and substantial evidence existed to support the ALJ's decision.

## III.

We will affirm the District Court judgment.