John KANGAS, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 86–3800.

United States Court of Appeals, Third Circuit.

Argued June 16, 1987.

Decided July 22, 1987.

Deborah Fitzgerald (argued), Asst. Regional Counsel, Beverly Dennis, III, Chief Counsel, Region III, and Charlotte Hardnett, Supervisory Asst. Regional Counsel, Dept. of Health and Human Services, Philadelphia, Pa., J. Alan Johnson, U.S. Atty., and Judith K. Fitzgerald, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Gregory L. Kordic (argued), Shapiro, Kendis & Assoc., L.P.A., Cleveland, Ohio, for appellant.

Before SEITZ and MANSMANN, Circuit Judges, and DEBEVOISE, District Judge.*

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellant John Kangas appeals from an order of the district court which affirmed a final decision of the Secretary of Health and Human Services denying disability benefits. We have jurisdiction under 28 U.S.C. § 1291 (1982).

### I.

John Kangas had been employed at a machine shop/foundry as a janitor until February 8, 1984, when he became unable to work because of difficulty with his lungs. At the time, Kangas was 46 years old. Kangas applied for Disability Insurance Benefits under Title II of the Social Security Act on October 22, 1984, alleging disability due to lung disease. His application was denied at both the initial and reconsideration stages. He then requested a hearing before an Administrative Law Judge (ALJ).

The records before the ALJ showed that Kangas was hospitalized eight times in the sixteen-month period between August 1984 and December 1985. Six of these hospitalizations were for acute exacerbations of his chronic lung disease, usually involving some type of pulmonary infection. The medical advisor, who appeared at the hearing at the request of the ALJ, testified that

Kangas "has had frequent lung infections requiring hospitalization, sometimes every two to three months, which could be bronchitis or pneumonia. [His] exacerbations have required seven to ten days of hospitalization, and are followed by a one week to two week recovery period at home." ALJ decision, Admin.Tr. at 14. The medical advisor further testified that Kangas was capable of performing work activity when he was not suffering from an exacerbation.

In a decision dated January 29, 1986, the ALJ found that the medical evidence established that Kangas had severe restrictive lung disease with frequent pulmonary infections. However, because the ALJ found that Kangas did not have an impairment or combination of impairments listed in, or medically equal to one listed in 20 C.F.R., Regulations No. 4, Appendix 1, Subpt. P, he determined that Kangas was not *per se* disabled.

The ALJ further found that Kangas did not have shortness of breath, discomfort, or limitation of function of a level of severity or frequency that would preclude him from performing a wide range of work of sedentary exertional requirements. Kangas' capacity for a full range of sedentary work was, however, found to be reduced by the limitations that he could not perform work involving exposure to excessive dust, fumes or extreme temperatures.

The ALJ concluded that although Kangas' additional nonexertional limitations did not allow him to perform the full range of sedentary work, there were nevertheless a significant number of jobs in the national economy that he could perform. Consequently, the ALJ found that Kangas was not under a disability as defined by the Social Security Act. This decision was adopted by the Secretary.

The district court affirmed the Secretary's decision, concluding that it was based on substantial evidence. The district court also refused Kangas' request to remand to the Secretary to revaluate in light

* The Honorable Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

of records of hospitalizations that occurred after the Secretary's decision. This appeal followed.

## II.

Our review of a decision of the Secretary of Health and Human Services is based on whether there was substantial evidence to support the Secretary's decision. 42 U.S.C. § 405(g) (1982). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.; see Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3rd Cir.1979).

On appeal, Kangas advances three independent reasons in support of his contention that there is no substantial evidence to support the Secretary's decision that he is not disabled under the Social Security Act. Specifically, he claims that there is no substantial evidence that he does not equal the listing of impairments in § 303(B) of the applicable regulations; there is no substantial evidence that he retains the capacity to engage in a full range of sedentary work; and there is no substantial evidence that he can engage in any work activity on a sustained basis. Additionally, Kangas contends that the district court improperly denied his motion for remand.

In order for an individual to establish entitlement to Social Security disability benefits, it must be demonstrated that there exists a medically determinable basis for an impairment that prevents him from engaging in any "substantial gainful activity" for a statutory twelve-month period. 42 U.S.C. § 423(d)(1) (1982); *see Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). A claimant may show an inability to engage in substantial gainful activity for a continuous period of twelve months in either of two ways: (1) by producing medical evidence that one is disabled *per se* by meeting or equaling certain listed impairments, 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1 (1986); *see Campbell, supra; Dobrowolsky, supra;* or (2) by demonstrating an impairment of such severity as to be unable to engage in

any kind of "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

This second method of proving disability requires that the claimant first demonstrate that he is unable to return to his former job because of physical or mental impairments. *See Campbell, supra; Dobrowolsky, supra.* Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Secretary to prove that there is some other kind of substantial gainful employment he is able to perform, *Chicager v. Califano*, 574 F.2d 161 (3rd Cir.1978), taking into consideration the claimant's physical ability, age, education and work experience. 42 U.S.C. 423(d)(2)(A); 20 C.F.R. § 404.1520(f) (1986).

In the instant case, the Secretary found both that Kangas had a severe impairment and that he was unable to perform his past relevant work. Although the Secretary found that there were other jobs in the national economy that Kangas could perform, Kangas urges on appeal that the Secretary nevertheless did not sufficiently carry his burden of proving that there is some other kind of substantial gainful employment that he is able to perform. We will now address Kangas' contention that, because of his frequent need for hospitalizations, he cannot engage in any work activity on a sustained basis.

The regulations defining residual functional capacity direct the Secretary to determine a claimant's capacity for work on a *"regular* and *continuing* basis." 20 C.F.R. Regulations No. 4, Subpt. P, § 404.-1545(b) (1986) (emphasis added). Similarly, the Medical-Vocational Guidelines for sedentary work refer to an individual's "maximum *sustained* work capability." 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 2, § 201 (1986) (emphasis added). Kangas contends that there was no substantial evidence to show that he is able to engage in any work on a "sustained," "regular" or "continuing" basis.

Before the Secretary was evidence that Kangas had been hospitalized six times in a sixteen-month period for problems with his

lungs.[1] The medical advisor, in uncontroverted testimony, stated that Kangas "has had frequent lung infections *requiring* hospitalization, sometimes every two to three months." Admin.Tr. at 14 (emphasis added). Each hospitalization requires a subsequent one to two week recovery period at home. *Id.* Despite this evidence, the Secretary found that Kangas could engage in substantial gainful activity because there was a wide range of sedentary work that he could perform.

We believe that the Secretary failed to consider Kangas' frequent need for hospitalization in his finding that Kangas was not disabled because he could engage in substantial gainful activity. Although the medical advisor testified that Kangas was capable of performing work activity when he was not suffering an exacerbation, "sporadic or transitory activity does not disprove disability." *Smith v. Califano*, 637 F.2d 968, 971–72 (3rd Cir.1981).[2]

Even if Kangas were able to obtain an unskilled, sedentary job, it is not reasonable to expect him to be able to retain any such job when he has an impairment with his lungs that requires frequent hospitalizations. "Substantial gainful activity means performance of substantial services with reasonable regularity...." *Markham v. Califano*, 601 F.2d 533 (10th Cir. 1979). *See also Chiappa v. Secretary of Dept. of Health, Ed., etc.*, 497 F.Supp. 356, 360 (S.D.N.Y.1980) ("The extent to which a disability may prevent regular work attendance is a relevant factor in determining whether a claimant is able to engage in substantial gainful activity."); *Flam v. Califano*, 469 F.Supp. 793, 795 (E.D.N.Y. 1979) (The ability to engage in substantial gainful activity contemplates that the plaintiff can "as a practical matter compete for, secure, and sustain employment."); *Barats v. Weinberger*, 383 F.Supp. 276 (E.D.Pa.

1974) (claimant's ability to do semi-sedentary work on some days, but not with any regularity, would not disqualify her from coverage under the Act).

Because the decision of the ALJ and the Secretary failed to evaluate the effect of Kangas' frequent hospitalizations on his ability to perform any work on a regular, continuing or sustained basis, a critical factor, we conclude that the Secretary's finding that Kangas is able to engage in substantial gainful activity must be reconsidered. We therefore need not reach Kangas' other contentions.

### III.

Accordingly, we will vacate the order of the district court with a direction that the cause be remanded to the Secretary for further proceedings consistent with this opinion.

that applicant could engage in substantial gainful activity was not supported by substantial evidence where applicant suffered from recurrent kidney stones resulting in hospitalization. While he could perform certain light work while he was well, he could never hold down a job due to the necessity of frequent absences from work).

---

**1.** Additional evidence submitted to the district court indicated that Kangas was hospitalized a total of twelve times in a twenty-five-month period. In view of our disposition of this matter, we need not consider the materiality of the reference to the additional hospitalizations.

**2.** *Compare Mitchell v. Weinberger*, 404 F.Supp. 1213 (D.Kan.1975) (The Secretary's decision