**Linda PEGG, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

Civ. A. No. 89–197J.

United States District Court, W.D. Pennsylvania.

June 26, 1991.

Douglas W. Reed, Pittsburgh, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (Act), as amended, 42 U.S.C. Section 405(g), for review of the decision of the Secretary of Health and Human Services (Secretary) denying her claims for disability insurance benefits.

Plaintiff filed an application for disability benefits on February 2, 1987 alleging disability since January 19, 1986, as a result of a neck injury. She was awarded a closed period of disability insurance benefits which commenced on January 19, 1986, and ended on November 13, 1987. The plaintiff did not appeal the decision of Administrative Law Judge (ALJ) which ended her period of disability.

On March 18, 1988, plaintiff filed an application for disability insurance benefits alleging disability commencing on February 1, 1988 as a result of cervical spine pain arising from a musculoskeletal impairment. The application was denied initially and on reconsideration. Plaintiff filed a request for a hearing, and a hearing was held before an ALJ on December 1, 1988.

After considering the case *de novo*, the ALJ denied the plaintiff disability benefits, finding that, although the plaintiff has a severe impairment which precludes her from performing her past relevant work as a licensed practical nurse, she retains the residual functional capacity to perform the full range of sedentary work and, therefore, was not disabled. The Appeals Council of the Social Security Administration denied plaintiff's request for review, making the ALJ's decision the final decision of the Secretary.

The parties have filed cross-motions for summary judgment pursuant to Fed. R.Civ.P. 56.

Plaintiff was born August 24, 1951. She is a high school graduate, with past relevant work history as a Licensed Practical Nurse (LPN). Plaintiff has not worked since January of 1986, when she underwent a three level anterior cervical discectomy and fusion at C4–5, C5–6 and C6–7. On August 17, 1987, she had a refusion of C4–5.

At the hearing, plaintiff testified that she suffered from headaches, burning pain in her neck and arms, lower back pain, and a pain in her right buttock and leg. Plaintiff, further, testified that the pain limited her walking to approximately two blocks, standing to a period of about one hour and sitting to a period of about two hours.

Plaintiff was treated for her neck and back problems by Dr. Gerald W. Pifer, an orthopedic surgeon. Dr. Pifer performed the cervical surgery in January of 1986, and the refusion of the C4–5 in August of 1987. Dr. Pifer's report of December 8, 1988, which was made part of the record below, indicates that plaintiff has present and future limitations with regard to lifting, sitting for long periods of time, long-distant walking, standing and repetitive use of her upper extremities. Plaintiff is especially limited in working overhead, including looking upward with the head and neck in extension.

The ALJ found the plaintiff's contentions with respect to total disability not credible and unsupported by objective and clinical findings. Though the plaintiff was found to be unable to perform her past relevant work as a practical nurse, she was found to have no nonexertional limitations, and the residual functional capacity to perform the full range of sedentary work. Considering plaintiff's residual functional capacity, age, education and work experience, it was determined that she was not disabled.

The Act limits judicial review of disability claims to the Secretary's final decision. 42 U.S.C. § 405(g) and § 1383(c)(3). If the Secretary's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Wallace v. Secretary of Health and Human Services*, 722 F.2d 1150, 1152 (3d Cir.1983). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It consists of more than a scintilla of evidence but less

than a preponderance. *Stunkard v. Secretary of Health and Human Services,* 841 F.2d 57, 59 (3d Cir.1988).

■ To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Kangas v. Bowen,* 823 F.2d 775, 777 (3d Cir.1987); 42 U.S.C. § 423(d)(1) (1982). This may be done in one of two ways: first, by introducing medical evidence that she is disabled *per se* because she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1, *see Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Stunkard,* 841 F.2d at 59; *Kangas,* 823 F.2d at 777; or, second, if a claimant suffers from a less severe impairment, by demonstrating that she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy ..." *Campbell,* 461 U.S. at 461, 103 S.Ct. at 1954 (citing 42 U.S.C. § 423(d)(2)(A)).

Though the Secretary adopted the ALJ's finding that plaintiff suffered from no impairment or combination of impairments listed in or medically equal to one listed in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1, the plaintiff did not claim she was disabled *per se.* The testimony of the plaintiff and the opinion of her physician indicate she suffers from pain and limitations which preclude her from work related activity. This is consistent with the second method of proving disability.

■ In order to prove disability under this second method, the claimant must first demonstrate the existence of a medically determinable disability which precludes her from returning to her former job. *Stunkard,* 841 F.2d at 59; *Kangas,* 823 F.2d at 777. Once it is shown that she is unable to resume her previous employment, the burden shifts to the Secretary to prove that, given the claimant's age, education and work experience, she is able to perform substantial gainful activity in the national economy. *Stunkard v. Secretary of*

*Health and Human Services,* 841 F.2d at 59; *Kangas v. Bowen,* 823 F.2d at 777; *Doak v. Heckler,* 790 F.2d 26, 28 (3rd Cir. 1986); *Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir.1979).

■ In the instant case, it is undisputed that plaintiff is unable to return to her previous relevant work as a LPN. The Secretary was therefore required to show that, though the plaintiff was partially disabled, she retained the residual function capacity to work on a "regular and continuing basis." *Kangas,* 823 F.2d at 777 (citing 20 C.F.R. Regulations No. 4, Subpt. P, § 404.1545(b) (1986)). The Social Security regulations, then, require the Secretary to take into account both exertional and nonexertional physical impairments in measuring the plaintiff's disability. *Stunkard,* 841 F.2d at 60.

Under 20 C.F.R. § 404.1545(b), exertional impairments involve limitations on the plaintiff's ability to meet certain strength requirements of a job. Nonexertional impairments, however, involve limitations such as postural or manipulative impairments that do not affect plaintiff's physical strength but may nevertheless prevent her from engaging in gainful employment. 20 C.F.R. § 404.1545(d).

When, as in the instant case, the plaintiff is found to suffer from exertional limitations only, the Secretary determines disability by first assessing the plaintiff's residual capacity to do work of some kind, and then applying the Medical–Vocational Guidelines contained in 20 C.F.R. Regulations No. 4, Subpt. P, App. 2 (1987) (Guidelines). The Guidelines "consist of a matrix of four factors identified by Congress-physical ability, age, education, and work experience-and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler v. Campbell,* 461 U.S. at 461–462, 103 S.Ct. at 1954–1955. The Guidelines require the plaintiff be considered not disabled if her qualifications correspond to the job requirements listed in the Guidelines.

■ As mentioned above, the ALJ found plaintiff possessed the residual functional capacity to perform the full range of sedentary work and, that she had no nonexertional limitations. The ALJ concluded plaintiff was not disabled based upon the Guidelines' grid matrix. We find the final decision to be flawed in two respects.

■ Plaintiff's complaints were largely based upon the pain she claims to suffer. The ALJ gave these complaints little credence. The Third Circuit, in *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir.1979) stated "testimony of subjective pain and inability to perform even light work is entitled to great weight, particularly when ... it is supported by competent medical evidence." Such subjective complaints of pain, however, need not be fully confirmed by objective medical evidence in order to be afforded significant weight. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir.1981); *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir.1971). The Third Circuit further stated:

> While there must be objective medical evidence of some condition that could reasonably produce pain, there need not be objective evidence of the pain itself.

*Green v. Schweiker*, 749 F.2d 1066, 1070–71 (3d Cir.1984). Where a claimant's testimony as to pain is reasonably supported by medical evidence, the Secretary may not discount plaintiff's pain without contrary medical evidence. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985); *Chrupcala v. Heckler*, 829 F.2d 1269, 1275–76 (3d Cir. 1987).

■ Plaintiff testified to pain in two areas of her body which in combination limit her substantially in performing any physical work-like effort. Testimony as to plaintiff's severe pain should have been found credible by the ALJ because it formed the basis of her testimony and was corroborated by the opinions and reports of plaintiff's physician, Dr. Pifer. The ALJ, instead, substituted his own subjective evaluation of the medical reports and of the plaintiff's demeanor at the hearing for the medical expertise of Dr. Pifer. An ALJ may not reject professional medical evidence on the basis of his own observation.

*Kelly v. Railroad Retirement Board*, 625 F.2d 486, 494 (3d Cir.1980).

This Court, therefore, finds that the ALJ's conclusion that plaintiff "retains the maximum sustained residual functional capacity to perform sedentary work," is not supported by the substantial evidence.

■ Secondly, we find the ALJ erred in finding that the plaintiff had no nonexertional limitations. In so finding, the ALJ failed to give proper consideration to the evidence of such limitations. As above-noted, the plaintiff testified to the severe pain in her neck, back, arms and leg, and such is not contradicted by medical evidence. Pain has been recognized as a nonexertional impairment. *See Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir.1986).

In addition, Dr. Pifer's report indicated plaintiff had limitations with regard to "lifting, sitting for long periods of time, long-distant walking, standing and repetitive use of her upper extremities. Plaintiff is especially limited in working overhead, including looking upward with the head and neck in extension." Plaintiff's limitations in standing, sitting and extending her head and neck, should properly have been considered "postural" under 20 C.F.R. § 1545(d), and therefore, together with the pain, should have been included in the ALJ's findings as nonexertional limitations. We, therefore, conclude the ALJ's finding that plaintiff had no nonexertional limitations was not supported by substantial evidence.

■ Where both exertional and nonexertional limitations are present, the regulations require the Secretary to take both into account in determining whether a claimant is disabled. *See Caffee v. Schweiker*, 752 F.2d 63, 67 n. 5 (3d Cir. 1985); *Burnam v. Schweiker*, 682 F.2d 456 (3d Cir.1982). Section 200.00(e)(2) of the Guidelines makes clear that nonexertional limitations should be considered when the Guidelines, whose application is based on exertional limitations, are being used as a framework to evaluate a claimant's entitlement to disability benefits. The ALJ, therefore, should have considered these

nonexertional limitations in conjunction with his application of the Guidelines contained in 20 C.F.R. Regulations No. 4, Subpt. P, App. 2, prior to the ALJ finding on the basis of Rules 201.28 and 201.29, Table No. 1 of those guidelines, that plaintiff was not disabled.

The Guidelines "are not to be mechanically applied where the claimant suffers from ... nonexertional impairments." *Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir.1986). Full consideration must be given to all relevant facts in the case in accordance with the appropriate sections of the regulations. The existence of nonexertional limitations does not, standing alone, support a finding of disability under the Act. The ALJ must, however, factor the nonexertional limitations into his analysis in determining whether there is substantial evidence to support a finding that the plaintiff is capable of performing some type of work in the national economy.

The nonexertional limitations should have been expressly considered by the ALJ to determine whether they diminished plaintiff's work capacity prior to the rendering of a final decision.

For the reasons above-stated, this Court will deny the Secretary's Motion for Summary Judgment; grant plaintiff's Motion for Summary Judgment; and remand this matter to the Secretary of Health and Human Services for further proceedings consistent with this opinion.