

**2006 Decisions**

**Opinions of the United States Court of Appeals for the Third Circuit**

3-31-2006

# Kirk v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2942

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Kirk v. Comm Social Security" (2006). *2006 Decisions.* Paper 1351.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1351

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2942

ROBERT T. KIRK,

Appellant.

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 03-cv-04642
Chief District Judge: Honorable Garrett E. Brown, Jr.

Submitted under Third Circuit LAR 34.1(a)
March 7, 2006

Before: ROTH and GREENBERG. Circuit Judges
and BUCKWALTER* District Judge,

(Opinion Filed: March 31, 2006)

**O P I N I O N**

_____

*The Honorable Ronald L. Buckwalter, Senior United States District Court Judge
for the Eastern District of Pennsylvania, sitting by designation.

1

**ROTH**, <u>Circuit Judge</u>:

## I.  Background and Procedural History

This is an appeal from a District Court order affirming an Administrative Law Judge's (ALJ) determination of the date when the claimant became disabled.  Because the parties are familiar with the facts leading up to this appeal, we will provide only a brief synopsis here.

In August 2000, Robert Kirk filed an application for disability insurance benefits under Title II of the Social Security Act.  This application was denied, but on January 2, 2001, Kirk requested and received reconsideration.  After hearing new evidence, the Social Security Administration (SSA) found that Kirk was disabled, primarily due to organic memory loss, as of January 1, 2001.  Kirk contested the onset date, and an ALJ held a hearing to determine whether Kirk was disabled prior to January 1, 2001.[1]  The ALJ concluded that Kirk was not disabled prior to that date, and that decision became the final decision of the Commissioner when the Appeals Council denied review.  Kirk sought review in federal district court pursuant to 42 U.S.C. § 405(g).  The District Court reviewed the ALJ's decision and concluded that it was supported by substantial evidence.  Kirk now appeals to this Court.  We will affirm.

## II.  Jurisdiction and Standard of Review

---

[1]Kirk had filed a previous request for redetermination of his disability status which was heard and rejected for any time prior to May 29, 1998.  Accordingly, the ALJ here only considered the time period between May 29, 1998 and December 31, 2000.

The District Court had subject matter jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction pursuant to 42 U.S.C. § 405 and 28 U.S.C. § 1291.

We review the Commissioner's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is evidence that "'a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The substantial evidence standard is deferential, and that deference carries over to inferences that can be drawn from properly supported factual findings. Schaudeck, 181 F.3d at 431. In determining whether there is substantial evidence to support the SSA's conclusions, we consider the record as a whole. Id. We review legal issues under our familiar plenary standard. Krysztoforski v. Chater, 55 F.2d 857, 858 (3d Cir. 1995).

## III. Analysis

### A. General Standards for Obtaining Disability Payments

To establish entitlement to Title II insurance benefits an individual must show that he is disabled. 42 U.S.C. § 423. The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment, in turn, is one "that results from anatomical, physiological, or psychological abnormalities which are

3

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42

U.S.C. § 423(d)(3). To qualify as disabled, in addition to being unable to return to one's

previous work, a person must not, given his age, education, and work experience, be able

to engage in any other kind of substantial gainful employment. 42 U.S.C. § 423(d)(2)(A).

The SSA has established a five-step process that an ALJ must utilize in

determining whether to award disability benefits. In step one, the ALJ determines

whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. §

404.1520(a)(i). If the answer is yes, the inquiry is over, and the ALJ automatically denies

the application. If the answer is no, step two calls upon the ALJ to assess whether the

claimant has a "severe impairment" or "combination of impairments." 20 C.F.R. §

404.1520(a)(ii). If there are no severe impairments the claimant is not disabled, and the

ALJ denies benefits. If the claimant survives the first two hurdles, the ALJ then

determines whether the impairment meets or exceeds those listed in 20 C.F.R. Pt. 404,

Subpt. P, App. 1. If it does, the claimant is disabled, and the evaluation ends. If it does

not, however, step four requires a determination of whether the limits imposed by the

impairment prevent the claimant from returning to past relevant work (PRW). 20 C.F.R.

§ 404.1520(iv). This step-four inquiry is designed to calculate the claimant's residual

functional capacity (RFC) and compare it to the requirements of the claimant's PRW. If

the claimant has a RFC that makes it possible for him to continue to perform PRW, the

claimant is not disabled, and benefits will be denied. 20 C.F.R. § 404.1520(f). Finally, if

4

the claimant cannot perform PRW, disability still will not be found if the SSA can show that the claimant is capable of performing other work in the national economy considering the claimants age, education, and previous work experience. 20 C.F.R. § 404.1520(a)(v). Until step five, the burden is on the claimant to show a disability. Bowen v. Yuckert, 482 U.S. 137, 146-47 n.5 (1987).

## B. Applying the Substantial Evidence Standard

### 1. Severe Impairment

Kirk argues that the ALJ erred in failing to find a severe impairment due to his anxiety prior to January 1, 2001. The District Court concluded that the ALJ's decision on this point was supported by substantial record evidence. We agree. It is Kirk's burden to demonstrate a severe impairment at step two and he does not bear that burden.[2] Indeed, as the District Court discussed in detail, the record points in the opposite direction. The ALJ relied upon a psychiatric evaluation of Kirk by Dr. Alexander Iofin. In September 2000, Dr. Iofin concluded that Kirk related well, maintained good eye contact, and had an overall neutral mood. Indeed, Dr. Iofin noted that Kirk had "no significant psychiatric problems which would require medication management or which would require a

---

[2] We note that the ALJ ruled against Kirk at step four, not step two, after concluding that his RFC was sufficient to enable him to perform PRW up to January 1, 2001. The ALJ moved past step two after concluding that Kirk's residuals of chronic alcoholism (cognitive deficits), hypertension, and stroke were severe. Before the District Court and this Court, however, Kirk has contended that the ALJ should have found that his anxiety was severe as well. Kirk claims that the failure to find a severe impairment due to anxiety at step two tainted the rest of the ALJ's analysis.

significant amount of psychotherapy." There was no diagnosis of anxiety or related mental conditions. Shortly after Kirk's evaluation by Dr. Iofin, Kirk's file was reviewed by Dr. Michael Britts, a State agency medical consultant, who concluded that any anxiety-related mental impairments were not severe. Finally, even in his February 2001 appointment with Dr. Iofin, Kirk only related new memory problems, not anxiety difficulties. Upon review of the record, we agree with the District Court that the ALJ's decision that Kirk's alleged anxiety was not severe prior to January 1, 2001, is supported by substantial evidence.[3]

## 2. Residual Functional Capacity and Past Relevant Work

At step four, the ALJ concluded that Kirk was able to perform PRW prior to January 1, 2001.[4] Kirk argues that the ALJ erred by failing to evaluate properly his ability to return to PRW, by incorrectly characterizing his PRW, by failing to make adequate specific findings regarding the mental and physical requirements of his PRW

---

[3] This case is unlike McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 361-62 (3d Cir. 2004), in which we concluded that a failure to find a severe impairment at step two was not supported by substantial evidence. In that case, the claimant's allegations were supported by ample record evidence of impairment. Here, by contrast, the record lacks meaningful support of Kirk's self-serving allegations of debilitating anxiety. Such allegations, standing alone, are insufficient to sustain the claimant's burden of showing a severe impairment. E.g., Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

[4] We reject Kirk's under-developed argument that the ALJ failed to conduct a proper inquiry under step three. Contrary to Kirk's claims, the ALJ did specifically state that the record did not show a disability under the step-three inquiry. Additionally, there is sufficient evidence in the record for this Court to engage in meaningful review. Jones v. Barnhart, 364 F.3d 501, 504-05 (3d Cir. 2004). Accordingly, we now address Kirk's claims of error with respect to step four.

6

and his limitations, and by improperly determining his RFC. We reject Kirk's claims of error.

As noted by the District Court, we require an ALJ to do three things in connection with determining whether a claimant's RFC enables him to return to PRW. First, an ALJ must make specific findings of fact regarding a claimant's ability to perform PRW. Second, an ALJ must make findings regarding the physical and mental demands of the PRW. Finally, an ALJ must compare the requirements of the claimant's PRW to the claimant's RFC and assess whether the claimant has the capability to perform his PRW. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 120 (3d Cir. 2000); 20 C.F.R. § 440.1520(a)(iv). The claimant has the burden of showing he *cannot* perform PRW. See Kangas v. Bowen, 823 F.2d 775, 77 (3d Cir. 1987).

Our review of the ALJ's decision convinces us that the ALJ properly carried out its obligations under Burnett, and that the ALJ's decisions are supported by substantial evidence. The ALJ specifically addressed Kirk's claim that the mental aspects of his pervious job were too trying. There is substantial evidence to support the ALJ's conclusion that Kirk's claims of functional difficulties in addition to those reflected in the medical reports were not credible. In light of the medical testimony, the ALJ was entitled to disbelieve Kirk's claims that his job was too stressful and to find that Kirk's mental faculties were sufficient to meet the demands of his PRW. As to Kirk's claims of physical limitation, the ALJ's determination regarding Kirk's RFC and ability to return to

7

PRW is also supported by substantial evidence. There is nothing in the record to support a claim that Kirk's physical RFC was insufficient to enable him to perform his PRW prior to January 1, 2001.

### 3. Onset Date

Kirk also contends that the ALJ erred in failing to call a medical advisor to obtain additional medical evidence regarding the onset date. In support of his claim, Kirk relies on Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), in which we held that an ALJ had an obligation to call upon such an advisor where a claimant alleged that a slowly progressing disorder (bipolar disorder) constituted a disability. In Walton, the alleged onset date was decades earlier than the claim for disability benefits, and there was professional medical evidence that the onset date was earlier than the ALJ found. Id. at 708-10. Here, however, Kirk's claim of an earlier onset date creates a time period of only three years. Additionally, unlike the situation in Walton, the medical evidence available for the time period in question *supports* the ALJ's conclusion regarding the onset date. Because this case involves a relatively short time period regarding the proper onset date, and because there is ample medical evidence supporting the ALJ's conclusion, the decision not to call for yet another medical expert was not error.

## IV. Conclusion

The ALJ's decision regarding the onset date is supported by substantial evidence. Accordingly, we will affirm the decision of the District Court.

8