

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# Malloy v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2776

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Malloy v. Comm Social Security" (2009). *2009 Decisions*. Paper 2042.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2042

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 08-2776

———————————

AURELIA B. MALLOY,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cv-02730)
District Judge: Honorable William J. Martini

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 9, 2009

———————————

Before: FUENTES, FISHER and ALDISERT, <u>Circuit Judges</u>.

(Filed: January 13, 2009)

———————————

OPINION OF THE COURT

———————————

ALDISERT, Circuit Judge.

We must decide whether the district court erred in affirming the Social Security Commissioner's denial of Appellant Aurelia Malloy's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"). We conclude that substantial evidence supports the Commissioner's decision that Malloy was capable of performing a significant number of light and sedentary jobs in the national economy, including her past work at a day care center, and that she thus was not entitled to disability benefits. Accordingly, we affirm.

The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). This court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

Because we are writing for the parties who are familiar with the facts and procedural history in the district court, we will discuss only the legal issues presented before us and the material facts relating thereto.

I.

Claimants for disability benefits must demonstrate that they meet certain criteria under the Act. The Act grants the Secretary of Health and Human Services authority to adopt rules and regulations implementing the disability benefits program. Rosetti v. Shalala, 12 F.3d 1216, 1218 (3d Cir. 1993) (referring to 42 U.S.C. §§ 405(a), 1383(d)(1)). In utilizing this authority, the Social Security Administration implements a five-step sequential evaluation procedure for the assessment of disability claims. See 20 C.F.R. § 404.1520 (2006). The U.S. Supreme Court has described the operation of this process as

2

follows:

> The first two steps involve threshold determinations that the claimant is not presently working and has an impairment which is of the required duration and which significantly limits his ability to work. See 20 C.F.R. §§ 416.920(a) through (c) (1989). In the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work. See 20 C.F.R. pt. 404, subpt. P, App. 1 (pt. A) (1989). If the claimant's impairment matches or is "equal" to one of the listed impairments, he qualifies for benefits without further inquiry. § 416.920(d). If the claimant cannot qualify under the listings, the analysis proceeds to the fourth and fifth steps. At these steps, the inquiry is whether the claimant can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If the claimant cannot do his past work or other work, he qualifies for benefits. §§ 416.920(e) and (f).

Sullivan v. Zebley, 493 U.S. 521, 525-526 (1990).

The claimant bears the burden of persuasion in the first four steps of the analysis. Only if the claimant demonstrates that the impairment precludes performing his or her past work does the burden shift to the Commissioner, to prove that the claimant still retains a residual functional capacity to perform some alternative, substantial, gainful activity present in the national economy. Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987), Santise v. Schweiker, 676 F.2d 925, 936 (3d Cir. 1982).

Whether a claimant is disabled as defined by the Act is a decision which is reserved to the Commissioner. Under the Commissioner's regulations, the Administrative Law Judge ("ALJ") has the responsibility for determining a claimant's residual functional capacity after evaluating all the evidence of record regarding the claimant's impairments and resulting functional limitations. 20 C.F.R. §§ 404.1546(c), 416.946(c) (2006).

3

Although the Commissioner considers opinions from treating and examining medical sources on this issue, the final responsibility for the decision is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1)-(3) (2006).

Courts may review the Commissioner's factual findings only to determine whether they are supported by substantial evidence. See 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The statutory standard of substantial evidence requires more than a mere scintilla of evidence, but less than a preponderance. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). It "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The reviewing court looks to the record as a whole to assess whether substantial evidence supports the Commissioner's decision. Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981). In assessing the extent to which the record supports the Commissioner's conclusions, the court reviews objective medical facts, diagnoses or medical opinions

4

based on those facts, subjective complaints of pain or disability, and the claimant's age, education, and work history. See Jones v. Harris, 497 F. Supp. 161, 167 (E.D. Pa. 1980).

II.

In light of the foregoing legal precepts, we must decide whether substantial evidence supports the Commissioner's decision that Malloy was not disabled from April 15, 2004, the date she alleged she became disabled, through November 8, 2006, the date of the ALJ's decision. We accept this as the proper framing of the issue because it addresses Malloy's contention that the decision that she retained residual functional capacity for light work does not adequately describe her severe impairment and that the consideration of her complaint did not utilize the evidence of record.

The ALJ considered the evidence of record in accordance with the sequential evaluation process. At step one of the sequential evaluation process, the ALJ found that Malloy had not engaged in substantial gainful activity since April 15, 2004. At step two, the ALJ found that Malloy's hypertension and obesity were severe impairments. At step three, the ALJ found that Malloy's impairments did not, either singly or in combination, meet or equal those listed impairments presumed severe enough to preclude any gainful work. Prior to reaching step four, the ALJ determined that Malloy retained the residual functional capacity for light work. At step four, it was found that Malloy could return to her past relevant work as a day care center worker and, therefore, that Malloy was not entitled to disability benefits.

In evaluating the substantial evidence burden we note that the ALJ found that Malloy's complaints of dizziness, fatigue and shortness of breath were reasonable to a degree, but not to a completely disabling extent; that the medical evidence did not support Malloy's allegations of symptoms and functional limitations; that Malloy did have high blood pressure, but also that she was not fully compliant with her medications; that notwithstanding her non-compliance, there was no significant evidence of cardiac damage; and that her EKG tracings in May 2005 were normal and her EKG tracings in September 2006 were only "borderline."

The ALJ evaluated Malloy's symptoms of leg swelling, fatigue and shortness of breath, and noted that medical examination findings revealed no evidence of musculoskeletal abnormality or a cardiac or respiratory abnormality. Moreover, the ALJ observed that Malloy's activities in daily living belied her allegations of total disability. She performed housework in May 2005 such as cleaning, cooking, washing, shopping, laundry and ironing. She was able to travel alone, and she could do so by walking, riding in a car or using public transportation. She could shop for two hours and handle money. Her social activities included going shopping with her family, attending church and attending social events. Her interests included reading, watching television, singing, walking and cooking.

As did the District Court, we conclude that the ALJ properly explained how Malloy's severe impairments–her hypertension and obesity–restricted her ability to work.

The ALJ also correctly found that Malloy's cardiomyopathy and cardiomegaly were not severe impairments,[1] but nonetheless took those impairments into account when considering the remaining steps of the sequential evaluation process. The ALJ's determination that Malloy had the residual functional capacity to perform a limited range of unskilled light and sedentary work recognized Malloy's limitations. We conclude that the ALJ reasonably found that notwithstanding her impairments, Malloy retained the residual functional capacity to perform light work. The residual capacity finding was supported by several medical opinions in evidence. The ALJ's decision also was accompanied by appropriate narrative discussion which provided "a clear and satisfactory explication of the basis on which it rest[ed]." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).

## III.

Malloy contends that the ALJ did not properly evaluate her complaint of disabling pain with associated limitations. Pursuant to the Commissioner's regulations, the ALJ is required to ascertain whether a claimant has a medically determinable impairment that could reasonably cause the subjective symptoms alleged and then to "determine the extent to which a claimant is accurately stating the degree of pain [or other symptoms] or the

---

[1] In contrast to the appellants in cases such as McCrea v. Comm'r of Soc. Sec., 370 F.3d 357 (3d Cir. 2004) and Newell v. Comm'r of Soc. Sec., 347 F.3d 541 (3d Cir. 2003), in which this Court reversed the Commissioner's findings of no significant impairment, Malloy did not submit medical evidence that would show that her cardiomegaly and cardiomyopathy were severe impairments. Rather, medical testing and exams in evidence indicated that Malloy did not have a severe cardiac impairment.

7

extent to which he or she is disabled by it." Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)). In this case, after finding that Malloy did have medically determinable impairments, the ALJ found that her testimony and statements as to alleged debilitating pain and disabling limitations were not credible for legally sufficient reasons: they were inconsistent with her regular activities as described above, with the nature of medical treatment sought and received, with the objective findings and test results of her examining physicians and with the record evidence as a whole.

The ALJ did find that Malloy suffered pain, but concluded that her pain was not so severe as to prevent her from performing a limited range of light and sedentary work. Credibility determinations as to a claimant's testimony regarding pain and other subjective complaints are for the ALJ to make. Van Horn v. Shweiker, 717 F.2d 871, 873 (3d Cir. 1983). In view of the evidence presented in the record and of the ALJ's "opportunity to observe the demeanor and to determine the credibility of the claimant," these findings are entitled to "great weight" and should be upheld. See Cotter, 642 F.2d at 705.

## IV.

We must now determine whether the ALJ erred in determining that Malloy could return to her past relevant work as a day care assistant. An individual retains the capacity to perform her past relevant work when she can perform the functional demands and duties of the job as she actually performed it or as generally required by employers in the

national economy. <u>See</u> Soc. Sec. Rul. 82-61 and 82-62. The ALJ was entitled to take into account the Department of Labor's <u>Dictionary of Occupational Titles</u>, which categorizes Malloy's prior employment as a day care center assistant in the light exertional level. <u>See</u> U.S. Dep't of Labor, <u>Dictionary of Occupational Titles</u>, § 359.677-018, at 259-260 (4th ed. 1991). Vocational expert testimony supported this categorization. As there was sufficient evidence that Malloy retained residual functional capacity to do light work, the ALJ did not err in determining that she could return to her previous employment in a position requiring light exertion as generally required by employers in the national economy.

* * * * * *

It will be noted that in this discussion we have not emphasized the contrary evaluation set forth by the appellant. We find it unnecessary to do so because the issue is whether the evidence and contentions presented by the Commissioner met the substantial evidence test. With that as our standard of review it is not our responsibility to recapitulate the evidence and make findings of fact.

We have considered all the contentions raised by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.

9